UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

OSCAR MADRID (#523435)                CIVIL ACTION NO.

VERSUS                                 16-619-SDD-EWD

DARREL VANNOY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 16, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

OSCAR MADRID (#523435)                    CIVIL ACTION NO.

VERSUS                                     16-619-SDD-EWD

DARREL VANNOY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Oscar Madrid ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Louisiana State Department of Public Safety and Corrections ("LDOC"),[1] Darrel Vannoy, Trish Foster, and James M. LeBlanc.[2] Plaintiff's Complaint, as amended,[3] alleges that Defendants have violated his constitutional right to meaningful access to the courts and Plaintiff's right to equal protection.[4] Plaintiff prays for monetary and injunctive relief.[5]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis*, or who is asserting a claim against a governmental entity or an officer or employee of a governmental entity, if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.

An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[6] A claim is factually frivolous if the alleged facts are "clearly baseless, a

---

[1] LDOC was terminated as a party on November 1, 2016, as an amended Complaint was filed naming James M. LeBlanc as the Defendant in place of the LDOC, since James M. LeBlanc is Secretary of LDOC.
[2] R. Docs. 1 & 4.
[3] Plaintiff filed his original complaint on September 6, 2016. R. Doc. 1. Plaintiff amended his Complaint on November 1, 2016 (R. Doc. 4) and on December 5, 2016 (R. Doc. 6). Plaintiff's Complaint, as amended, is referenced as the "Complaint."
[4] R. Doc. 1, p. 3.
[5] R. Doc. 6, p. 6.
[6] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[8] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[9] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[10] A § 1915 dismissal may be made at any time if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[11]

Plaintiff alleges he cannot "read, write, or understand" the English language and thus, meeting the demands of the court system has forced him to have to pay other inmates to write and file "legal papers" for Plaintiff.[12] Plaintiff attempted to procure assistance in Spanish originally to challenge his conviction through the direct appeal process, as more fully described below, and thereafter, to pursue relief via collateral attacks to the conviction.[13] Plaintiff also alleges that while seeking assistance to challenge his criminal conviction, he fell ill. Plaintiff contends that his illness was treated with the wrong medications, so he filed a grievance with the prison.[14] Eventually, Plaintiff allegedly began voicing complaints about the perceived unfair treatment he was receiving.[15] Plaintiff claims this led to a physical assault by prison guards.[16] Plaintiff further

---

[7] *Id.* at 32-33.
[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[9] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] 28 U.S.C. § 1915(e)(2).
[12] R. Doc. 4, p. 5.
[13] R. Doc. 4, p. 5.
[14] R. Doc. 4, pp. 6-7.
[15] R. Doc. 4, pp. 7-8.
[16] R. Doc. 4, p. 8. The guards who allegedly perpetrated this assault are not named as defendants.

2

alleges that he was the subject of multiple ethnic slurs from guards and that his "hobby-shop" box was taken away from him due to a rule infraction.[17] Due to the language barrier that existed, Plaintiff was allegedly unable to adequately pursue relief in the administrative grievance process or in the courts for these acts.

Inmates have a fundamental constitutional right of access to the courts.[18] The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[19] Further, in order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that he has suffered some cognizable legal prejudice or detriment as a result of the defendant's actions.[20] In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so.[21] An inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights.[22] Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,"[23] "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."[24]

---

[17] R. Doc. 4, p. 9. The guards at issue are not named as defendants.
[18] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).
[19] *Lewis,* 518 U.S. at 356.
[20] *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996).
[21] *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983'").
[22] *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997).
[23] *Christopher v. Harbury,* 536 U.S. 403, 415 (2002),
[24] *Lewis v. Casey,* 518 U.S. at 356.

3

To prevail on a denial-of-access claim, an inmate must demonstrate an actual injury by showing "that the alleged shortcomings in the library or legal assistance program hindered his ability to pursue a legal claim."[25] "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."[26] Instead, the inmate must show the following: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded by acts of the defendant(s), and (2) he has suffered an actual injury as a result..[27] An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[28] The underlying claim must be described well enough to apply the frivolity test and to show that its "arguable nature . . . is more than hope."[29] Further, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.[30] Thus, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it."[31]

Plaintiff's claims are essentially foreclosed by a recent decision of the Fifth Circuit.[32] In *Sanchez*, the facts confronted by the Fifth Circuit, in pertinent part, were as follows: Sanchez, a *pro se* inmate, filed a claim based on § 1983 alleging his constitutional right of access to the courts had been violated due to the absence of legal materials in Spanish, which was the only language

---

[25] *Id.*
[26] *Id.*
[27] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353 & n. 3.
[28] *Lewis*, 518 U.S. at 348.
[29] *Harbury*, 536 U.S. at 416 (internal quotation marks omitted).
[30] *Id.* at 416.
[31] *Id.* at 417-18.
[32] *Sanchez v. Stephens*, 689 Fed.Appx. 797 (5th Cir. 2017).

4

he could understand, or assistance in Spanish by someone trained in the law. Sanchez asserted that the lack of materials and lack of assistance in Spanish prevented him from filing actionable claims to challenge his criminal conviction and prison disciplinary cases.[33] The district court dismissed the claim as frivolous and for failure to state a claim upon which relief may be granted. The Fifth Circuit affirmed, noting that Sanchez's claims were conclusory because he failed to describe the claims with the particularity needed to evaluate whether they were nonfrivolous and because he did not explain with specificity how the absence of legal materials and assistance in Spanish actually hindered those claims.[34] Moreover, the Fifth Circuit found that "[t]o the extent Sanchez argues that a constitutional right to legal materials or legal assistance in Spanish exists due to the diversity of languages in Texas and the United States, the argument fails because the Supreme Court has made clear that inmates do not have a general, freestanding right to legal materials or assistance in any particular format or language."[35] The Fifth Circuit also denied Sanchez's motion for appointment of counsel because he did not demonstrate the exceptional circumstances warranting appointment.[36]

Applying *Sanchez* to the facts of this case dictates the same result as Plaintiff also does not have a constitutional right to legal materials in any particular format, including in Spanish, nor to legal assistance in Spanish. Additionally, Plaintiff's claims overall, especially his claim that he has been hindered in presenting claims challenging his criminal conviction and grievances[37] in the

---

[33] *Id.* at 799.
[34] *Id.* citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) and *Lewis*, 518 U.S. at 353 & n.3.
[35] *Sanchez*, 689 Fed.Appx. at 799 *citing Lewis*, 518 U.S. at 350-51.
[36] *Id.*, 689 Fed.Appx. at 799.
[37] From the Complaint, it appears Plaintiff's recitation of his medical ailments and treatment, as well as his comments regarding an alleged assault, interception of his mail, and unnamed prison personnel threating inmates if they helped Plaintiff are meant to provide other examples of instances in which Plaintiff struggled in filing grievances with the prison due to the complained of language barrier and lack of Spanish-speaking legal assistance. (R. Doc. 4). To the extent that Plaintiff attempts to make a claim for deliberate indifference, excessive force, interruption in mail service, or retaliation, he has not named the proper individuals as Defendants. Plaintiff has not identified what individuals were personally involved in any of the aforementioned instances, with the exception of the potential excessive force

5

administrative process, are conclusory. He fails to describe the claims with the particularity needed to evaluate whether they were nonfrivolous and does not explain with specificity how the absence of legal materials and assistance in Spanish hindered his pursuit of relief.[38] As such, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

One item which Plaintiff does describe with some specificity is the claim that he was hindered in filing a supplemental brief to assist his appeal counsel on Plaintiff's direct appeal.[39] Nevertheless, even this allegation fails to state a claim upon which relief may be granted. Although a *criminal* defendant has a constitutional right to the assistance of counsel, and a related right to waive assistance of counsel, a criminal defendant has no constitutional right to "hybrid representation" "partly by counsel and partly by himself."[40] As such, Plaintiff had no constitutional right to file his own appellate brief (in addition to the brief filed by counsel) in his criminal proceedings; therefore, the fact that Plaintiff did not receive a copy of the trial court record or that he did not have assistance in Spanish to draft a supplemental brief is not actionable, as Plaintiff had no constitutional right to same.[41]

---

claim, for which he identifies Sergeants Davis and Hawkins, who are not named as Defendants. R. Doc. 4, p. 8. In order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Plaintiff has made no allegations of personal involvement on the part of Defendants Vannoy, Foster or LeBlanc, relative to any of the above complaints. Rather, Plaintiff makes conclusory allegations of improper treatment, "assault," interference with mail service, and threats of guards to other inmates for assisting Plaintiff, without alleging any action or inaction on the part of any named defendant. As such, there is no basis for the imposition of liability against the named Defendants. To the extent that Plaintiff is asserting a complaint on behalf of other inmates who were allegedly threatened, this claim is not properly before the Court. A *pro se* litigant does not have standing to assert the civil rights of third parties injured by the defendants' alleged unlawful conduct. *See Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir.1986).

[38] *See Harbury*, 536 U.S. at 416; *Lewis*, 518 U.S. at 351.

[39] R. Doc. 4, p. 5.

[40] *Neal v. Texas,* 870 F.2d 312, 315–16 (5th Cir.1989) (citing *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir.1978). To the extent that Plaintiff couches his claim as one based in equal protection, that claim also must fail because the Supreme Court has made clear that inmates do not have a general, freestanding right to legal materials or assistance in any particular format or language. *See Lewis*, 518 U.S. at 350-51.

[41] To the extent counsel told Plaintiff that Plaintiff could file a supplemental brief, as alleged, Plaintiff does not explain why he did not ask counsel to procure Spanish-speaking legal assistance for Plaintiff.

6

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, this matter should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[42]

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for appointment of counsel[43] be **DENIED** for failure to demonstrate exceptional circumstances warranting such a request.[44]

Signed in Baton Rouge, Louisiana, on April 16, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[42] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If adopted, this ruling would count as a strike under § 1915(g).
[43] R. Doc. 1, p. 5; R. Doc. 4, p. 12; R. Doc. 6, p. 6.
[44] *See, Sanchez*, 689 Fed.Appx. at 798 *citing Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).